


UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| UNITED STATES OF AMERICA | 11-CR-738 |
|---|---|
| – against – | Statement of Reasons Pursuant to 18 U.S.C. § 3553(c)(2) |
| NICHOLAS DEFILLIPPO, | |
| Defendant. | |

**JACK B. WEINSTEIN, Senior United States District Judge:**

A sentencing court shall "state in open court the reasons for its imposition of the particular sentence." 18 U.S.C. § 3553(c). If the sentence is not of the kind prescribed by, or is outside the range of, the Sentencing Guidelines referred to in Section 3553(a)(4), the court shall indicate the specific reasons for imposing a sentence different from that provided by the guidelines. 18 U.S.C. § 3553(c)(2). These "reasons must also be stated with specificity in a statement of reasons form." *Id.* Even though the guidelines are now "advisory" rather than mandatory, *see United States v. Booker*, 543 U.S. 220, 245-46 (2005), the sentencing court must still adhere to the requirements of 18 U.S.C. § 3553(c)(2). *United States v. Jones*, 460 F.3d 191, 197 (2d Cir. 2006).

The sentencing court's written statement of reasons shall be "a simple, fact-specific statement explaining why the Guidelines range did not account for a specific factor or factors under § 3553(a)." *United States v. Rattoballi*, 452 F.3d 127, 138 (2d Cir. 2006). Such a statement should demonstrate that the court "'considered the parties' arguments' and that it has a 'reasoned basis for exercising [its] own legal decisionmaking authority.'" *United States v. Cavera*, 550 F.3d 180, 193 (2d Cir. 2008) (en banc) (quoting *Rita v. United States*, 551 U.S. 338, 356 (2007)) (alterations in original).

1

On January 4, 2012, Nicholas Louis DeFillippo pled guilty to a single-count indictment which charged that between May 2010 and August 2011, he knowingly and intentionally counterfeited U.S. currency with intent to defraud in violation of 18 U.S.C. § 471.

DeFillippo was sentenced on April 16, 2012. The proceeding was videotaped in order to develop an accurate record of the courtroom atmosphere and the factors and considerations that a district court must evaluate in imposing a sentence under 18 U.S.C. § 3553(a). *See In re Sentencing*, 219 F.R.D. 262, 264–65 (E.D.N.Y. 2004) (utility of videotape on appeal).

The court finds the total offense level to be thirteen and defendant's criminal history category to be category V. Category V overstates the defendant's criminal history. *See* Tr. of Hr'g, Apr. 16, 2012. The defendant was paroled on two prior offenses on September 9, 1994, approximately fourteen years before the earliest date on which the defendant allegedly engaged in the charged counterfeiting activity. Although these prior convictions contributed criminal history points to the defendant's total, they occurred long before the counterfeiting activity currently before the court.

The calculation of the total offense level included a one-point enhancement for producing counterfeit currency in excess of $2,000, along with a two-point enhancement for producing counterfeit obligations of the United States. *See* U.S. Sentencing Guidelines Manual § 2B5.1(b)(1), (2) (2011). At the time of his arrest, defendant possessed approximately $1,000 in counterfeit currency. He admitted to the production and repeated use of counterfeit currency in prior years. Because U.S. Sentencing Guidelines Manual § 2B5.1(b)(2) (production of counterfeit currency) applies, the defendant's offense level was increased to fifteen. *See id.* § 2B5.1(b)(3). Since the defendant pled guilty in a timely manner, a two-point reduction for acceptance of responsibility was also imposed. *See id.* § 3E1.1(a). The offense carried a

maximum term of imprisonment of twenty years. *See* 18 U.S.C. § 471. The guidelines range of incarceration is thirty to thirty-seven months, and of a fine from $3,000 to $30,000. *See* U.S.S.G. § 5E1.2(c)(3).

DeFillippo was sentenced to one year and one day of incarceration and three years' supervised release. A $100 special assessment was ordered. No fines were imposed because the defendant does not have any assets, and it is unlikely that he will have any in the future to pay a fine. A separate order of forfeiture of the printing equipment used to produce the false bills was issued.

Respectful consideration was given to the sentencing guidelines, the Sentencing Commission's policy statements, and all other factors listed under 18 U.S.C. § 3553(a) to ensure that the sentence is "sufficient, but not greater than necessary, to comply with the purposes" of sentencing. 18 U.S.C. § 3553(a). The court imposed a non-guideline sentence under 18 U.S.C. § 3553(a).

The court considered the "nature and circumstances of the offense and the history and characteristics of the defendant." *See* 18 U.S.C. § 3553(a)(1). Producing counterfeit currency is a serious offense, indicating the defendant's willingness to defraud both the government and private persons. His criminal history is lengthy, including several prior counterfeiting-related offenses. This penchant for crime has persisted throughout his adult life, without signs of waning. Despite multiple past convictions, the defendant has repeatedly returned to illicit activity, to the detriment of others, his loved ones, and himself. He did not previously fare well on supervised release, which he violated on multiple occasions.

Nevertheless, punishment is imposed on a fifty-five-year-old man who suffers from significant life-threatening health ailments. In August 2011, two weeks prior to his arrest, the

3

defendant suffered a sudden onset of temporary blindness and was rushed to the emergency room. He was diagnosed with diabetes. He has not fully recovered his eyesight. His experience in custody after his arrest on the instant offense, which was aggravated by his health condition, emphasized the peril of future criminal activity, as well as the effect of his past actions on the family he seeks to support. His fiancée, who suffers from bipolar disorder, was arrested along with the defendant, and her daughters were also present in the house at the time of the arrest. The defendant appears to understand the economic and emotional strain that his criminal actions have caused others. A sentence of one year and one day reflects the seriousness of the offense and will promote respect for the law and provide just punishment. *See* 18 U.S.C. § 3553(a)(2)(A).

Under section 3553(a)(2)(B), there are two major considerations: specific and general deterrence. General deterrence is satisfied with the sentence imposed. The sentence will send a clear message that any involvement in currency counterfeiting will result in a prison sentence. Specific deterrence is achieved through incapacitation and the impact of this conviction on the defendant's employability. While the defendant has a lengthy criminal past, he appears to now realize the impact that additional incarceration for future crimes would have on his physical well-being, and to regret the pain and suffering that his actions have inflicted on his loved ones. Upon his release, it is unlikely that he will engage in further criminal activity due to his age and the condition of his health.

Jack B. Weinstein
Senior United States District Judge

Dated: April 17, 2012
Brooklyn, New York